## Schleicher's Estate.

*Will—Power—Power or trust—Charitable use.*

Testator bequeathed a third of his residuary estate "to my executors hereinafter named, or the survivor, to be by them or him paid over in such amounts and to such uses as they may in their best judgment determine to such German Charitable Institutions and German Societies in the City of Philadelphia as they may in their discretion select, said discretion to be by said executors, or the survivor, exercised without any right, claim, dictation or control of any other person or power whatsoever, I having full confidence both in their judgment and that they will faithfully carry out my wishes in regard to the proper disposition of said fund." *Held,* that the rule that a trust for indefinite objects is invalid, did not apply to the above provision because (1) the bequest was a power and not a trust, and therefore was not avoided by indefiniteness of objects;

(2) that the grammatical construction of the language required that the word "charitable" should be applied between the word "German" and the word "societies," so that the bequest should be to "such German Charitable Institutions and German Charitable Societies," etc., and that therefore the whole bequest was charitable.

Argued Jan. 17, 1902. Appeal, No. 338, Jan. T., 1901, by George Schleicher et al., from decree of O. C. Phila. Co., July T., 1900, No. 252, dismissing exceptions to adjudication in the Estate of George Schleicher, Deceased. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that the testator, by the residuary clause of his will, bequeathed as follows :

"Item. A full one third part of all the rest, residue and remainder of my estate, real, personal and mixed, I give, devise and bequeath to my executors hereinafter named, or the survivor to be by them or him paid over in such amounts and to such uses as they may in their best judgments determine, to such German Charitable Institutions and German Societies in the City of Philadelphia as they may in their discretion select, said discretion to be by said executors, or the survivor, exercised without any right, claim, dictation or control of any other person or power whatsoever, I having full confidence both in their judgment and that they will faithfully carry out my wishes in regard to the proper disposition of said fund."

The executors, by an instrument in writing, as follows, indicated the German charitable institutions or societies which in their discretion should be the beneficiaries under the above clause of the testator's will:

"To the Honorable, the Judges of the Orphans' Court for the City and County of Philadelphia.

"We, the undersigned, the executors of the last Will and Testament of George Schleicher, deceased, late of the City and County of Philadelphia, by virtue of the power conferred upon us by the said last Will and Testament, and in exercise of the discretion therein given us, have selected, and by these presents do select the following German Charitable Institutions and

German Societies in the City of Philadelphia, to and among whom the full one third part of all the rest, residue and remainder of the estate of the said George Schleicher, deceased, shall be paid and divided, as follows, to wit:

" German Hospital of the City of Philadelphia, the sum of five thousand dollars, for the endowment of a Free Bed to be called the ' George Schleicher Free Bed.'

" Samaritan Shelter, of the City of Philadelphia, the sum of fifteen hundred dollars.

" The Orphans' Home and Asylum for the Aged and Infirm of the Evangelical Lutheran Church, located at Germantown, Philadelphia, for the benefit of the Orphans' Department of the said Institution, the sum of fifteen hundred dollars.

"Deutches Protestantisches Altenheim, Lawndale, Philadelphia, the sum of fifteen hundred dollars.

" German Society of Pennsylvania, located in Philadelphia, the remainder of said one third part of the residuary estate of said George Schleicher, deceased, to and for such uses as the executors shall designate.

" In witness whereof, we have set our hands and seals at Philadelphia this seventh day of June A. D. 1901.

　　　　　　　　　　　　" CARL F. LAUBER.　[Seal]
　　　　　　　　　　　　" HENRY BERGES."　[Seal]

It was contended that the above provision of the testator's will is invalid, and that as to the property included therein the testator died intestate, because the terms of this bequest manifest an intention to create a trust, and that the trust is not a charitable one in the legal sense, and is void for uncertainty and indefiniteness, etc.

The auditing judge sustained the action of the executors in awarding the one-third part of the estate to the societies named. Exceptions to the adjudication were dismissed, ASHMAN, J., filing the following opinion:

We shall not, perhaps, subject the testator's language to any violent strain, if we shall hold that he vested his executors with a power which, inasmuch as its exercise was subject to no review whatever, amounted, as in Beck's Appeal, 116 Pa. 547, to an absolute gift of the subject-matter. If it be objected

that the power was indefinite and incapable of enforcement by any of its possible objects, the answer is, that the testator so intended it; he reposed in his executors a discretion "to be exercised without any right, claim, dictation, or control of any other person or power whatsoever," and he assigned as the reason for this latitude of action, his "full confidence in their judgment," and his belief "that they will faithfully carry out his wishes in regard to the disposition of the fund." With this sweeping delegation of authority, founded wholly upon his personal confidence in the donees, the testator's reference to certain classes of objects was simply an expression of desire that they would carry out what he declared were his wishes. A different question is presented if the words to which we have alluded were not precatory, and if a trust was created. Indefiniteness in a trust for charitable uses will not vitiate the gift, and the sole point to be here settled is whether the trust, assuming it to be a trust, can be perverted, in whole or in part, to other objects than charities. The testator's primary intention was to aid German charities; his words were "to such German Charitable Institutions and German Societies in the City of Philadelphia as they may select." It is very clear that if he had used the phrase "German Charitable Institutions and Societies," the word "charitable" would have qualified both classes of beneficiaries. Is its effect destroyed because the testator has chosen to describe both classes as German? The answer to this inquiry need not be rested upon the rule that the court will solve, when practicable, in favor of a charity, a seeming ambiguity in the testator's language. That the societies were to be charitable as truly as the institutions seems to be a grammatical necessity. The matter is indeed less open to doubt than the gift in Pickering v. Shotwell, 10 Pa. 23; there the trust was of a residue "to be applied under the direction of the monthly meeting of friends, as a fund for the distribution of good books among poor people in the back part of Pennsylvania, or to the support of an institution or free school in or near Philadelphia." It was taken for granted that the institution intended was to be charitable in character, and the trust was upheld. Exceptions dismissed.

*Errors assigned* were in dismissing exceptions to adjudication.

*Frank P. Prichard*, with him *Thomas S. Gates, Jay Gates* and *Gustavus Remak, Jr.*, for appellants.

*G. E. Schlegelmilch*, for executors.

*H. S. P. Nichols, Matthew Dittmann, William H. Staake* and *Joseph G. Rosengarten*, for appellees.

PER CURIAM, February 24, 1902 :
The majority of the court are of opinion that the decree entered in this case should be affirmed for the reasons stated in the opinion of Judge ASHMAN.